## Henry BAKER et ux *v.* Hazel SMITH and Wyoma JAMISON

73-271                                               506 S.W. 2d 842

### Opinion delivered March 25, 1974

*Jerry W. Faubus*, for appellants.

*Moses, McClellan, Arnold, Owen & McDermott*, by: *William L. Owen*, for appellees.

LYLE BROWN, Justice. This suit to try title to 3.63 acres of land was instituted by two sisters, Hazel Smith and Wyoma Jamison. They claimed title by virtue of a decree in a partition suit in 1945. Appellants based their claim on a tax forfeiture and adverse possession. The court held that appellants took possession of the lands under a rental agreement with appellees and that the purchase of the tax title by appellants, being tenants, amounted to a redemption in favor of appellees. The court also rejected the plea of adverse possession.

Appellee Hazel Smith testified that appellees had lived in Detroit for a number of years; that they first rented the land to an uncle, Charlie Baker in 1947, the agreement being that he would pay the taxes thereon; that Charlie Baker ceased farming a few years later and for that reason gave up possession; that appellant Henry Baker then asked if he could use the property; that an oral agreement was made by the two sisters with Henry Baker that they would rent the property to Baker and he agreed to keep the taxes paid and would also

pay an annual rental of $15.00. She said appellees never received the annual rental payment "and I never asked for it because I was living in Detroit and I was only concerned that Mr. Baker pay the taxes". She said that on some of her return visits between 1949 and 1970, she would inquire of Baker if he was paying the taxes and he told her they were being paid. Then in 1970 she was advised by her uncle that the sisters had better look into the title to the property. The witness said she returned to Pulaski County that year and inquired of appellant Baker and she was referred to appellant Mrs. Baker. The witness learned from Mrs. Baker that the Bakers were claiming the property. The appellees went to the courthouse and found appellants' deed on record. The deed was from Winford Walton who had obtained a tax deed to the land.

The other sister, appellee Wyoma Jamison, testified. She substantially corroborated the testimony of her sister. This witness apparently became confused, however, in her dates. At one point she testified she learned in 1950 or 1951 that appellants were claiming the property; then she later testified that the date was in 1968 or 1969.

Witness William McKinley Baker is related to all parties to the suit and lives in the neighborhood of the property. He said he had lived as a neighbor to appellants for many years; that it was his understanding that appellants were in possession of the property by agreement with appellees, saying, however, he received that information from one of the appellees; and he further testified that appellant Henry Baker "never told me he claimed to own it". He said he wrote Hazel Smith in 1970 suggesting that she had better check on her title at the courthouse.

Witness Charlie Baker is likewise related to all the parties to the litigation and lives in the same neighborhood with appellants. He testified that in 1949, appellant Henry Baker told the witness that he, Henry Baker, had rented the property for $15.00 per year; that he, Henry Baker, did not tell the witness that he had also agreed to pay the taxes; however, he said Henry Baker did tell him that he was going to pay the taxes in appellees' names. "Four or five years later Henry Baker told me he had not yet paid the taxes. He said money was a little short."

It is undisputed that the land in question was forfeited for taxes for the year 1950 and that one Winford Walton obtained a tax deed thereto in 1954; and that in the same year Walton gave appellants a quitclaim deed for $50.00.

Appellant Henry Baker testified he never had a conversation with either of appellees about the property and that specifically he made no agreement with them to take possession, and that he had no conversation with appellees' witness Charlie Baker in that connection. He said he took possession in 1954 under his deed; that he cleared the property of bushes, fertilized it, and seeded it with bermuda grass. Continuously throughout the years he said he had used the property for grazing cattle.

It appears that the entire forty acres which includes the subject tract was, many years ago, the property of Tom Baker. In the partition suit heretofore mentioned, appellees obtained their tract and appellant Henry Baker obtained a tract. In other words, the forty acres was divided into small tracts and parceled out to several heirs, among which were appellants and appellees. Appellant Henry Baker conceded that he read the Walton deed on the date he received it and he realized then that the subject tract was a part of the heir property. He also conceded on cross-examination that he had never told any of the Baker heirs that he owned the property, in fact he said the only person to whom he had conveyed that information was one Benny Freeman. On redirect examination he said he had told a Mr. Sisk "that the property was mine and to keep his cattle off of it".

Appellant Ruby Baker, wife of Henry Baker, testified neither of the appellees had ever talked to her about the land; that she witnessed her husband continually working the land, clearing and fertilizing, and erecting "no trespassing" signs thereon.

Witness Benny Freeman testified that on one occasion, many years ago, appellant Henry Baker said he owned the land. He also said he had seen Baker working the property.

Witness Herbert Baker is a son of appellants. He said he has annually assisted his father in working the property; that

he heard his father tell Louis Sisk to keep his cattle off the property; and that his father had erected "no trespassing" signs thereon.

We are unable to say that the findings of the chancellor were against a preponderance of the evidence. Also, the applicable law is not favorable to appellants. In *Findley* v. *Tyler*, 227 Ark. 663, 300 S.W. 2d 598 (1957), we said: "It is well settled that one in possession of land enjoying the rents and profits cannot acquire title thereto by permitting it to sell for the taxes and buying it at a tax sale, or by purchasing from one who has purchased at the sale". The opinion goes ahead to say that such a transaction is regarded as a redemption. Then in *Britt* v. *Berry*, 133 Ark. 589, 202 S.W. 830 (1918), Britt entered into possession of the disputed land by permission and later claimed by adverse possession. We said: "The rule is that where the entry is permissive the statute will not begin to run against the legal owner until an adverse holding is declared, and notice of such change is brought to the knowledge of the owner." In the case at bar it appears undisputed that appellants' claim of ownership was not brought home to appellees until 1970.

Affirmed.